UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-cv-21490-DPG

CORINE BRADLEY,

Plaintiff,

vs.

THE CITY OF MIAMI,

Defendant.

_______________________________/

**DEFENDANT CITY OF MIAMI'S MOTION TO DISMISS COMPLAINT AND RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

COMES NOW, the Defendant, CITY OF MIAMI (the "City"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves to dismiss the Complaint for Injunctive Relief and Damages [***D.E. 1***], and files its Response in Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [***D.E. 6***], and as grounds in support thereof states as follows:

## I. INTRODUCTION AND BACKGROUND FACTS

The Plaintiff, Corine Bradley, brought this action on behalf of a store that she owns located at 1139 N.W. 2nd Avenue, Miami, FL 33136. Although the store is known in the neighborhood as "Bradley's Market," the Plaintiff never registered that fictitious name in Florida. On October 26, 2016, the City of Miami's Nuisance Abatement Board (the "Board") declared the store to be a public nuisance based on repeated drug related activities occurring on its premises. Specifically, the sale and possession of drugs such as heroin. Consequently, the Board entered an Order requiring the Plaintiff to abate that nuisance activity by installing security cameras to monitor the

south side of the store's premises, improving the lighting on the premises, and authorizing the City of Miami Police Department to remove persons from the Property after a warning. (***See attached as Exhibit "A"***).

The Plaintiff now alleges a violation of her Fourth Amendment right to privacy, a takings claim, and seeks injunctive relief. Because the Complaint fails to state a claim upon which relief may be granted, the City respectfully requests that the Complaint be dismissed. In the alternative, this Court should abstain from exercising jurisdiction over this case due to the Plaintiff's pending action before the Board and Florida circuit court. In addition, the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction should be denied.

## II. MEMORANDUM OF LAW

### Motion to Dismiss Standard

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." ***Ashcroft v. Iqbal,*** 129 S.Ct. 1937, 1949 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. at 1949. A plausible entitlement to relief exists "when the allegations in the complaint traverse the thresholds separating the 'conclusory' from the 'factual' and the 'factually neutral' from the 'factually suggestive.'" ***Barton v. Florida***, 2007 WL 1724943 (N.D. Fla. 2007) (***citing Bell Atlantic Corp.***, 127 S.Ct. at 1958, n. 5). Finally, when the exhibits contradict the general and conclusory allegations of the pleadings, the exhibits govern. ***Griffin Indus., Inc. v. Irvin***, 496 F.3d 1189, 1206 (11th Cir. 2007). Dismissal is warranted if, assuming the truth of the factual allegations of the pleading, there is a dispositive legal issue which precludes relief. ***Brown v. Crawford County, Ga.***, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

### A. THE PLAINTIFF CANNOT MAINTAIN AN ACTION ON BEHALF OF "BRADLEY'S MARKET" BECAUSE SHE FAILED TO REGISTER HER BUSINESS UNDER THAT FICTITIOUS NAME.

Pursuant to § 865.09(3), Fla. Stat., "[a] person may not engage in business under a fictitious name unless the person first registers the name with the [Division of Corporations of the Department of State]. "***If a business fails to comply with this section, the business, its members, and those interested in doing such business may not maintain any action, suit, or proceeding in any court of this state until this section is complied with***. An action, suit, or proceeding may not be maintained in any court of this state by any successor or assignee of such business on any right, claim, or demand arising out of the transaction of business by such business in this state until this section has been complied with." ***§ 865.09(9)(a)***, Fla. Stat. (2016) (emphasis added).[1] The purpose of the fictitious name statute is to provide notice to one dealing with business of the real party in interest, and until the party instituting action complies with statute, action will be abated. ***Roth v. Nautical Engineering Corp.***, 654 So. 2d 978, 980 (Fla. 4th DCA 1995).

Here, the Plaintiff filed her Complaint and Motion for Temporary Restraining Order and Preliminary Injunction on behalf of "Bradley's Market." [***D.E. 1; D.E. 6***]. However, the Plaintiff never registered her store located at 1141 N.W. 2nd Avenue, Miami, FL 33136 under the fictitious name "Bradley's Market." (***See attached as Exhibit "B"***). Nor can she because the fictitious name "Bradley's Market" has already been registered to an entity in Winter Garden, Florida. (***See attached as Exhibit "C"***).

[1] "[A] party aggrieved by a noncomplying business may be awarded reasonable attorney's fees and court costs necessitated by the noncomplying business." ***§ 865.09(9)(b)***, Fla. Stat. (2016).

Accordingly, because the Plaintiff cannot maintain an action on behalf of "Bradley's Market," the Complaint should be dismissed.

## B. THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR FOURTH AMENDMENT VIOLATION OF PRIVACY.

The Plaintiff alleges that "[t]he Board's order to purchase, install, and provide the MPD with 24-hour access to live feed remote video monitoring violates [her] Fourth Amendment right to be free from unwarranted government searches." [***D.E. 1***, ¶ 30]. She is mistaken.

"Video surveillance does not in itself violate a reasonable expectation of privacy." ***United States v. Gonzalez***, 328 F.2d 543, 548 (9th Cir. 2003) (***quoting United States v. Taketa***, 923 F.2d 665, 677 (9th Cir. 1991)). "Indeed, '[v]ideotaping of suspects in public places, such as banks, does not violate the fourth amendment; the police may record what they normally may view with the naked eye.'" ***Id.*** Moreover, generally speaking, business premises enjoy lesser privacy expectations than do residences. ***See, G.M. Leasing Corp. v. United States***, 429 U.S. 338, 353 (1977); ***United States v. Hall***, 47 F.3d 1091, 1096 (11th Cir. 1995) ("[A] commercial proprietor has a reasonable expectation of privacy only in those areas where affirmative steps have been taken to exclude the public.").

The Plaintiff takes issue with the Board's Order requiring that she install and maintain a security camera providing uninterrupted remote live-feed access of her business premises. However, an act cannot violate a person's rights concerning the Fourth Amendment guaranty concerning searches and seizures unless it involves the person's legitimate and reasonable expectation of privacy. ***California v. Ciralo***, 476 U.S. 207 (1986). What a person knowingly exposes to the public, regardless of the place, is not protected. ***United States v. Katz***, 389 U.S. 347 (1967).

Here, the Order does not require video surveillance of the interior of Plaintiff's store. Rather, the camera monitors the south side (Northwest 2nd Avenue) of the property. That is a public area which has been known for drug activity. ***Compare Shafer v. City of Boulder***, 896 F. Supp. 2d 915 (D. Nev. 2012) (concluding that video surveillance which provides details of a home was a search under the Fourth Amendment) (***but see McLaughlin v. Elsberry, Inc***. 868 F.2d 1525, 1529 (11th Cir. 1988) ("While the operator of a business has a recognized expectation of privacy in his commercial property, that expectation is not as great as the similar expectation of privacy in one's home.")). Accordingly, requiring video surveillance of that area does not constitute a search within the meaning of the Fourth Amendment.

## C. THE COMPLAINT FAILED TO ESTABLISH A TAKINGS CLAUSE VIOLATION UNDER THE UNITED STATES AND FLORIDA CONSTITUTIONS.

### 1. The Plaintiff's Takings Claims Are Not Ripe for this Court's Consideration

For a takings claim to be ripe, a plaintiff must demonstrate that she unsuccessfully "pursued the available state procedures to obtain just compensation" before bringing her federal claim. ***See, Eide v. Sarasota County***, 908 F.2d 716, 720 (11th Cir. 1990). Florida courts have recognized that a reverse condemnation remedy is available for takings violations since at least 1990, well before the alleged taking in this case. ***Busse v. Lee County***, 317 Fed. Appx. 968, 971 (11th Cir. 2009); ***Reahard v. Lee County***, 30 F.3d 1412, 1417 (11th Cir. 1994). Consequently, there were adequate state procedures available to the Plaintiff to seek just compensation prior to filing this lawsuit. Thus, because the Complaint does not allege that the Plaintiff has pursued, or even attempted to pursue any relief under Florida procedures, this Court lacks subject matter jurisdiction over her Takings Clause claim and should dismiss Counts II and III of the Complaint.

### 2. The Plaintiff Has No Takings Claim

Just like municipal codes that require a property owner to make repairs to bring a home into compliance with a building codes do not constitute either a physical taking or a regulatory taking, neither does the Board's Order effect a taking to the extent it requires a business owner to take measures to abate a public nuisance. ***Serpentfoot v. Rome City Commission***, 322 Fed. Appx. 801, 805 (11th Cir. 2009).

Furthermore, where as in this case, the City exercises its police powers to enforce its Code and state law, to protect the health, safety and welfare of the community from drug related activities by requiring reasonable nuisance abatement measures does not constitute a taking.

"'A police power regulation is not invalid simply because it denies the highest and best use of the property, ... or because it dramatically diminishes the value of the property.' Rather, '[i]f the regulation is a valid exercise of the police power, it is not a taking if a reasonable use of the property remains.'" ***Glisson v. Alachua County***, 558 So. 2d 1030, 1035 (Fla. 1st DCA 1990) (citations omitted). Indeed, "it is settled that in the exercise of the police power a State 'may take, damage, or destroy private property without compensation, when the public necessity, the public health, or the public safety require it to be done.'" ***Ashe v. City of Montgomery***, 754 F. Supp. 2d 1311, 1315 (M.D. Ala. 2010) (***quoting Hulen v. City of Corsicana***, 65 F. 2d 969, 970 (5th Cir. 1933)).

In ***City of Ft. Lauderdale v. Scott***, 888 F. Supp. 2d 1279, 1284-1289 (S.D. Fla. 2012), the City issued citations to several property owners for violations of the City Code. After the code violations went uncorrected, the City issued foreclosure, lien, and demolition notices to the various property owners. ***Id.*** Ultimately, the City filed foreclosure actions, and the property owners counterclaimed, arguing, *inter alia,* that "the City's acquisition of [the property owners'] properties

through foreclosure and other means constitutes an unlawful taking because the City was instead required to use eminent domain." ***Id.*** at 1290. The Court disagreed, noting that "the City never acquired ownership of any of Counter–Plaintiffs' properties." ***Id.*** at 1298. Moreover, "to the extent that the City took other actions regarding those properties, such as recording liens or demolishing structures, the record shows that those steps resulted from code violations that Counter–Plaintiffs did not timely correct. No evidence suggests that those actions involved an effort by the City to take the properties for public use." ***Id.*** (*citing* ***Kelo v. City of New London***, 545 U.S. 469, 477-480 (2005)). Accordingly, the Court granted the City summary judgment on the Takings claims. ***Id.***

In ***Ashe***, the City initiated abatement procedures and removed several vehicles and other items from the plaintiff's yard pursuant to a state law that provides "'all cities and towns of this state shall have the power to prevent injury or annoyances from anything dangerous or offensive or unwholesome and to cause all nuisances to be abated and assess the cost of abating the same against the person creating or maintaining the same.'" 754 F. Supp. 2d at 15. The Court found that because the City acted within the scope of its police power in accordance with city law for the abatement of a public nuisance, no viable takings claim existed. ***Id.*** Accordingly, the court granted summary judgment to the City of Montgomery on the Plaintiff's takings claim. ***Id.; see also, Johnson v. City of Prichard***, 771 F. Supp. 2d 1310, 1319-1320 (S.D. Ala. 2011) (finding that the City's "exercise of police power, was clearly reasonable and within the limits of public necessity and the destruction of her property without compensation did not violate the Fifth Amendment Takings Clause"); ***see also Adams v. Hous. Auth. of City of Daytona Beach,* 60 So. 2d 663, 666 (Fla.1952)** (noting that "the police power is that power by which the Government may destroy or regulate the use of property in order to 'promote the health, morals and safety of the community',

and the police power may be exercised without making compensation for the impairment of the use of property or any decrease in the value of property by reason of the regulated use").

Those cases establish that when law enforcement officers destroy private property in the lawful exercise of the state's police power, there is no viable cause of action under the Takings Clauses of the United States and Florida Constitutions. Thus, it should follow that no takings violation occurs when the City merely requires a business owner to take reasonable measures to prevent drug related activities (i.e., a public nuisance) from occurring on the premises.

Therefore, Counts II and III of the Complaint should be dismissed for failure to state a cause of action.

### D. THE COMPLAINT FAILED TO STATE A CAUSE OF ACTION FOR INJUNCTIVE RELIEF.

The Plaintiff has failed to state a cause of action for injunctive relief. In order to prevail on a motion for injunctive relief pursuant to Fed. R. Civ. P. Rule 65, the Plaintiff must demonstrate the following four factors: (1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. ***See McDonald's Corp. v. Robertson***, 147 F.3d 1301 (11th Cir. 1998). Eleventh Circuit precedent also requires a demonstration that there is no adequate remedy at law. ***Keener v. Convergys Corp.***, 34 F.3d 1264, 1269 (11th Cir. 2003) (permanent injunction requires success on the merits, continuing irreparable harm and no adequate remedy at law).

"A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." ***Id.*** at 1306. A weakness in proof on one of the four factors may not be remedied by demonstrating strength in

another. ***United States v. Jefferson County***, 720 F.2d 1511, 1519 (11th Cir. 1983) (movant bears burden of persuasion on each factor in preliminary injunction test). Moreover, Courts will not grant injunction relief if the plaintiff demonstrates only a mere possibility of injury. ***See Baxter Int'l, Inc. v. Morris***, 976 F.2d 1189, 1194 (8th Cir. 1992) ("[i]njunctive relief must be based on a real apprehension that future acts are not just threatened but in all probability will be committed"). Here, the Plaintiff's allegations are insufficient to even allege the possibility that these factors could be fulfilled.

### *1. Plaintiff Cannot Establish A Likelihood of Success on the Merits*

As explained in Sections A-D above, the Plaintiff is not likely to succeed on the merits of her claims. Furthermore, the Plaintiff is collaterally estopped from challenging the legality of the Board's October 26, 2016 Order because she failed to appeal it within 30 days. ***See, e.g., Frye vs. Miami-Dade County***, 2 So. 3d 1063 (Fla. 3d DCA 2009) (affirming denial of injunction claim because property owner's remedy was to seek a timely appeal to the circuit court's appellate division).

### *2. No Irreparable Injury*

Since the Plaintiff cannot establish a likelihood of success on the merits of her Fourth Amendment and takings claims, she cannot make the requisite showing of irreparable harm. ***See also Safari Club Intern. v. Salazar***, 852 F. Supp. 2d 102, 120 (D. D.C. 2012 ("to the extent that the plaintiffs are presenting purely economic harm arguments, these arguments do not suffice to warrant the extraordinary remedy of injunctive relief.").

In addition, Plaintiff's request that the City be prevented from prohibiting customers from entering the premises, and arresting customers for trespass without her consent [***D.E. 1***, ¶ 48(a)] is moot because on April 28, 2017, she revoked her authority empowering City police officers to

remove persons from the property after a warning. (*See Affidavit attached hereto as Exhibit "D"*). Consequently, the City will not engage in such conduct, unless the Plaintiff re-authorizes the City to do so.

***3. Threatened Injury to the Plaintiff Does Not Outweigh Damage the Proposed Injunction May Cause the City***

The City has a substantial interest in preventing drug-related activities from occurring within the community. However, the Plaintiff's continued acquiescence to allowing her Property be used for drug-related criminal behavior directly threatens that interest. On the other hand, the enforcement of the Board's Order will only minimally interfere with the Plaintiff's legitimate commercial activities, since her market remains open for business. The Board's Order only seeks to deter drug-related activities from taking place on the Property. Accordingly, the injury to the City from enjoining enforcement of the Board's Order far outweighs any harm to the Plaintiff.

***4. An Injunction Would Be Adverse to the Public Interest***

As explained above, an important governmental interest is advanced by the enforcement of the Board's Order, including the abatement of drug-related activities on the Plaintiff's property. ***Mastrangelo v. City of St. Petersburg***, 890 F. Supp. 1025, 1028 (M.D. Fla. 1995). On the other hand, the Board's Order does not impermissibly burden the Plaintiff's legitimate commercial activities. Accordingly, an injunction prohibiting enforcement of the Board's Order would greatly injure the public interest.

**E. THE PLAINTIFF FAILED TO COMPLY WITH THE PRESUIT NOTICE CONDITIONS PURSUANT TO § 768.28, FLA. STAT.**

The Complaint fails to allege that it complied with the statutory requirements of § 768.28, Fla. Stat. Section 768.28(6)(a), Florida Statutes provides in relevant part that: "An action may not

be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency...within 3 years after such claim accrues and the... appropriate agency denies the claim in writing [.]" The notice requirements "are conditions precedent to maintaining an action...." § ***768.28(6)(b), Florida Statutes.***

Because the Plaintiff failed to provide notice pursuant to § 768.28, her Complaint should be dismissed.

## F. <u>THIS COURT SHOULD ABSTAIN FROM HEARING THIS CASE UNTIL THE PENDING STATE PROCEEDINGS HAVE CONCLUDED.</u>

### 1. The *Younger* Abstention Applies.

The United States Supreme Court has held that the federal courts should abstain from exercising jurisdiction over civil and administrative proceedings that are pending in the state court. ***Younger v. Harris***, 401 U.S. 37 (1971); ***Middlesex County Ethics Committee v. Garden State Bar Ass'n***, 457 U.S. 423 (1982). A three-part test applies to determine if ***Younger*** abstention is appropriate: (1) if state proceedings are ongoing, (2) if the state proceedings implicate important state interests, and (3) if the state proceedings afford adequate opportunity to raise federal questions. ***Middlesex County Ethics Committee***, 457 U.S. at 423. Once these elements are met, the federal court must abstain, except in the most extraordinary circumstances. ***See Colorado River Water Conservation Dist. v. United States***, 424 U.S. 800, 816 n. 22 (1976); ***Old Republic Union Ins. Co. v. Tillis Trucking Co.,*** 124 F.3d 1258, 1261 (11th Cir. 1997). All that is required is under the ***Younger*** abstention doctrine is "the opportunity to present their federal claim in the state proceedings." ***Judice v. Vail***, 430 U.S. 327, 337 (1977).

Here, "the issue of drugs and the ability of local governments to control them via Nuisance Abatement Boards pursuant to Florida Statute § 893.138 constitutes an important state interest." ***Mastrangelo***, 890 F. Supp. at 1028. Moreover, proceedings related to the actions alleged in the

Complaint are ongoing both in the Nuisance Abatement Board as well as the Appellate Division of the State Circuit Court in Miami-Dade County. (***See attached as Exhibit "E"***). In fact, the Petition for Writ of Certiorari filed by the Plaintiff on May 1, 2017 cites both Fourth Amendment privacy rights and the "Takings Clause" of the Fifth Amendment. Therefore, the ***Younger*** abstention applies.

**2. To The Extent Plaintiff Requests Review Of Final State Rulings, *Rooker-Feldman* Applies.**

However, to the extent that the Plaintiff alleges that the Board incorrectly entered its nuisance abatement order against her property, which is final, she would still be barred from raising these issues in this Court by the ***Rooker-Feldman*** doctrine:

> Lower federal courts possess no power whatsoever to sit in direct review of state court decisions. If the constitutional claims presented to a United States district court are inextricably intertwined with the state court's denial [of a claim] in a judicial proceeding…then the district court is in essence being called on to review the state-court decision. This the district court may not do.

***District of Columbia Court of Appeals v. Feldman***, 460 U.S. 462, 482 n. 16 (1983); ***Rooker v. Fidelity Trust Co.***, 263 U.S. 413 (1923). Lower federal courts are precluded from review even if a Plaintiff failed to raise the constitutional claims in the state court if it is "inextricably intertwined" with the state court judgment. ***See Wood v. Orange County***, 715 F.2d 1543, 1546 (11th Cir. 1983). A federal claim is "inextricably intertwined" with a state court judgment, and therefore unreviewable even if they were not raised in the state court, if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. ***See Datz v. Kilgore***, 51 F.3d 252, 253-54 (11th Cir. 1995).

That is exactly what the Plaintiff is doing in this Federal action. A final order was issued by the Board on October 26, 2016, declaring her store a public nuisance. It also required the

Plaintiff to take numerous actions to abate the nuisance of illegal drug sales such as: (1) "install[ing] security cameras which allows for uninterrupted remote live-feed access of the South side (Northwest 2nd Avenue) of the Property." And (2) "execut[ing] an updated "No Trespassing" Affidavit to empower the City of Miami Police or any/other law enforcement to remove person or persons from the Property after warning."

However, because the Plaintiff did not challenge that Order until May 1, 2017, her Petition for Writ of Certiorari is untimely under Florida law. ***City of Miami v. Cortes***, 995 So. 2d 604, 606 (Fla. 3d DCA 2008). Thus, the Plaintiff's attempt to use this Court as a "super-appellate" court is prohibited by ***Rooker-Feldman***.

### 3. Abstention pursuant to *Railroad Commission of Texas v. Pullman Co*

***Pullman*** abstention is appropriate "in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law." ***Abell v. Frank,*** 625 F.2d 653, 656–57 (5th Cir. 1980). The rationale for the doctrine is that a federal court should "avoid an unnecessary federal constitutional decision [where] state's laws ... interpretation may dispose of a case short of federal constitutional scrutiny." ***BT Inv. Managers, Inc. v. Lewis,*** 559 F.2d 950, 953 (5th Cir.1977). The prerequisites for ***Pullman*** abstention are: (1) there must be an unsettled issue of state law; and (2) there must be a possibility that the state law determination will moot or present in a different posture the federal constitutional questions raised. ***Abell,*** 625 F.2d at 657.

Applying the doctrine to the facts of this case, the first prong of the ***Pullman*** test is satisfied. Although the City asserts that the City Code provisions clearly give the City of Miami the power to compel the Plaintiff to limit the use of her business for drug related activities, there are no cases interpreting Miami Code of Ordinances, § 46-1(2) and (3) as it relates to these specific

facts. As for the second prong of the test, there is a significant possibility that a state law determination in this case will moot the federal constitutional questions raised. For example, it will be mooted if the state court finds that the Plaintiff's action is barred by the doctrine of *res judicata* or collateral estoppel for failing to challenge the October 26, 2016, Order Declaring Public Nuisance within thirty days. It will also be mooted if the state court does not find the Petition for Certiorari untimely and rules on the Federal issues or requires a modification of the October 26, 2016 Order. Simply put, the crux of this dispute involves local law issues that are best interpreted and resolved by a state court.

Eleventh Circuit case law establishes a consistent pattern of abstaining under ***Pullman*** in cases involving constitutional challenges to property use because they are local in nature and are better decided by state courts than by federal courts. ***See, e.g., Hill v. City of El Paso,*** 437 F.2d 352, 357 (5th Cir.1971) (holding that the "routine application of zoning regulations ... is distinctly a feature of local government," which presented a "classic" case for abstention under ***Pullman*** ); ***Fields v. Rockdale County Georgia,*** 785 F.2d 1558, 1561 (11th Cir.1986) (citing ***Hill*** and noting again that "[m]atters of land use planning are primarily of local concern"); ***A.B.T. v. City of Fort Lauderdale,*** 664 F. Supp. 488 (S.D.Fla.1987) (holding that a federal court should "stay its hand" and abstain from adjudicating disputes focused on "property state procedures for implementing zoning ordinances, a matter which is 'primarily of local concern' ").

Based on the foregoing, this Court should abstain from hearing this case. ***Moheb, Inc. v. City of Miami, Florida***, 756 F. Supp. 2d 1370, 1372–74 (S.D. Fla. 2010).

## G. THIS COURT DOES NOT HAVE JURISDICTION TO REVIEW AN APPEAL OF AN ORDER OF THE NUISANCE ABATEMENT BOARD

In Count V of the Complaint, Plaintiff requests that this Court "exercise supplemental jurisdiction" over an appeal from the Nuisance Abatement Board "because it arises out of the same

operative nucleus of facts" as the balance of the Complaint. [***D.E. 1***], para. 51. An appeal has already been taken by Plaintiff to the Appellate Division of the Circuit Court of the Eleventh Judicial Circuit Court in and for Miami Dade County pursuant to Florida Rule of Appellate Procedure 9.100©(2) and Section 46-7 of the Miami Code of Ordinances that provides that appeals from the Nuisance Abatement Board shall be taken to the Appellate Division of the Circuit Court. While the undersigned acknowledges that the state and federal issues addressed in the Petition for Certiorari arise from the identical facts as are set forth in the Complaint, this Court may not accept discretionary jurisdiction over the state court appeal. Rather, this state court appeal is unequivocal support for the proceeding arguments that this Court should not entertain any of the issues raised in the Complaint.

The United States District Court does not have the power to act in place of a three judge state court appeals panel. In short, the doctrine holds that federal courts below the Supreme Court must not become a court of appeals for state court decisions. "The state court appellant has to find a state court remedy, or obtain relief from the U.S. Supreme Court. The ***Rooker–Feldman*** doctrine is confined to cases that, like ***Rooker*** and ***Feldman***, were "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and *inviting district court review and rejection of those judgments*." ***Exxon Mobil Corp. v. Saudi Basic Indus. Corp.***, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) (emphasis added)." ***Vasquez v. YII Shipping Co.***, 692 F.3d 1192, 1195–96 (11th Cir. 2012)

## III. CONCLUSION

Based upon the above arguments and authorities, the Complaint should be dismissed and the Petition for Temporary Restraining Order and Preliminary injunction should be denied. In the alternative, this Court should abstain from hearing this case based on long standing Supreme Court Doctrine.

Respectfully submitted,

VICTORIA MÉNDEZ, City Attorney
HENRY J. HUNNEFELD,
Senior Assistant City Attorney
Attorneys for City of Miami
444 S.W. 2nd Avenue, Suite 945
Miami, FL 33130-1910
Tel.: (305) 416-1800
Fax: (305) 416-1801
Primary E-mail: hjhunnefeld@miamigov.com
Secondary E-mail: aidagarcia@miamigov.com

By: /s/ *Henry J. Hunnefeld*
Henry J. Hunnefeld
Florida Bar No. 343811

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 8, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *Henry J. Hunnefeld*
Henry J. Hunnefeld
Florida Bar No. 343811

## SERVICE LIST

Hilton Napoleon, II, Esq.
Rasco Klock Perez & Nieto, P.L.
2555 Ponce De Leon, Suite 600
Coral Gables, FL 33134
E-mail(s): hnapoleon@rascoklock.com
Attorney for Plaintiff, **Corine Bradley**