UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-21490-CIV-GAYLES/OTAZO-REYES

CORINE BRADLEY,

    Plaintiff,

v.

THE CITY OF MIAMI,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff Corine Bradley's ("Plaintiff" or "Ms. Bradley") Motion for Temporary Restraining Order and Preliminary Injunction (hereafter, "Motion for Injunctive Relief") [D.E. 6]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Darrin P. Gayles, United States District Judge [D.E. 7]. The undersigned held an evidentiary hearing on Plaintiff's Motion for Injunctive Relief on May 8, 2017 [D.E. 11]. For the reasons stated below, the undersigned respectfully recommends that Plaintiff's Motion for Injunctive Relief be DENIED.

## BACKGROUND

Plaintiff commenced this action on April 20, 2017 by filing a Complaint for Injunctive Relief and Damages ("Complaint") against the City of Miami ("City") [D.E. 1]. Plaintiff's Complaint arises from actions taken by the City's Nuisance Abatement Board ("Board") with respect to Bradley's Market, located at 1139 NW 2nd Avenue, Miami, FL 33136 in the City's Overtown neighborhood. The Board has declared Bradley's Market to be a drug-related nuisance in violation of Florida law and City ordinances and has ordered Ms. Bradley to take

certain steps to abate the nuisance. The Board has also imposed fines on Ms. Bradley for her alleged failure to comply with portions of the nuisance abatement orders.

Plaintiff brings the following claims against the City based on the Board's actions:

COUNT I: DEPRIVATION OF CIVIL RIGHTS: FOURTH AMENDMENT VIOLATION OF PRIVACY

COUNT II: VIOLATION OF FIFTH AMENDMENT TAKINGS CLAUSE

COUNT III: VIOLATION OF STATE LAW TAKINGS CLAUSE

COUNT IV: INJUNCTIVE RELIEF

COUNT V: APPEAL OF NUISANCE ABATEMENT BOARD'S ORDER

See Compl. [D.E. 1]. Plaintiff's constitutional claims in Counts I and II are brought pursuant to 42 U.S.C. § 1983. Id. at 7-8. Plaintiff predicates her Motion for Injunctive Relief on her fourth and fifth amendment claims. See Motion for Injunctive Relief [D.E. 6 at 8-10]. However, the undersigned finds that Plaintiff has not satisfied the requirements for issuance of injunctive relief as to either of these claims.

## APPLICABLE LAW

Plaintiff is entitled to a preliminary injunction if she demonstrates by a preponderance of the evidence that: (1) there is a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury exists if an injunction is not granted; (3) the threatened injury to her outweighs any harm that an injunction may cause the City; and (4) issuing the injunction will not disserve the public interest. See Levi Strauss & Co. v. Sunrise Int'l Trading Inc., 51 F.3d 982, 985 (11th Cir. 1995). A preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly established the "burden of persuasion" as to all four elements. See Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000). "The goal of a preliminary injunction is to prevent irreparable harm in order to preserve the district court's

2

power to render a meaningful decision after a trial on the merits." Learning Experience Sys., LLC v. Foxborough Child Care, LLC, No. 10-80561-CIV, 2010 WL 3565712, at *4 (S.D. Fla. Aug. 19, 2010) (citing Canal Auth. of Fla. v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974)), report and recommendation adopted, 2010 WL 3565708 (S.D. Fla. Sept. 9, 2010). See also Stokely-Van Camp, Inc. v. Coca-Cola Co., 646 F. Supp. 2d 510, 525 (S.D.N.Y. 2009) ("[A] preliminary injunction is a remedy that is directed toward preventing conduct during the pendency of the lawsuit.").

The first element, substantial likelihood of succeeding on the merits, is generally regarded as the most important because granting a motion for preliminary injunction would be inequitable if the movant does not have a chance of success on the merits. See Learning Experience, 2010 WL 3565712, at *4 (citing Butler v. Ala. Judicial Inquiry Comm'n, 111 F. Supp. 2d 1224, 1229-30 (M.D. Fla. 2000); Callaway, 489 F.2d at 572; Gonzalez ex rel. Gonzalez v. Reno, No. 00-11424-D, 2000 WL 381901, at *1 (11th Cir. Apr. 19, 2000)).

As to the second element, in demonstrating "irreparable harm, a movant must show that the injury cannot be undone through monetary remedies." Anago Franchising, Inc. v. CHMI, Inc., No. 09-60713-CIV-ALTONAGA, 2009 WL 5176548, at *11 (S.D. Fla. Dec. 21, 2009).

## FINDINGS OF FACT

1. Ms. Bradley is the owner of Bradley's Market (a/k/a "Bradleys"), has maintained her business for over 47 years, and had never received a nuisance or code violation prior to the events giving rise to this action.

2. The entrance to Bradley's Market and its outer walls adjoin NW 2nd Avenue's sidewalk, which is City property. The business does not have a "set-back" from the sidewalk. See D.E. 1-3.

3. On September 6, 2016, the City filed a complaint against Bradley's Market ("the

Property") pursuant to Section 46-3(a) of the City Code and requested that the Nuisance Abatement Board declare the store a public nuisance. The City predicated its complaint on the Miami Police Department ("MPD") arrests of various individuals for narcotics related activities that occurred in the period of April to June of 2016. See D.E. 1-4.

4. On October 26, 2016, after having conducted a hearing on September 28, 2016, the Board declared Bradley's Market a drug-related nuisance, in violation of Chapter 893 of the Florida Statutes and City Ordinance Section 46-1(2) and (3). See D.E. 1-6.

5. The Board ordered Ms. Bradley to: (1) take all necessary steps to abate the nuisance; (2) meet with MPD Commander Carr or other representative of MPD on a monthly basis; (3) ensure that the Property is not in violation of local laws; (4) remove debris from the NW 2nd Avenue sidewalk; (5) remove the bamboo cover from the metal fence in the rear of the Property; (6) install adequate lighting on the South side (NW 2nd Avenue) and rear of the Property; (7) install security cameras which allow MPD to receive uninterrupted remote-live feed access of the South side (NW 2nd Avenue) of the Property; and (8) execute an updated "No Trespassing" affidavit to empower MPD to remove persons from Bradley's Market without warning. Id. The Order was made effective for a period of one year, and the Board retained jurisdiction to modify it as appropriate. Id.

6. On February 2, 2017, the Board issued a subsequent order, declaring Bradley's Market a continuing nuisance. See D.E. 1-7. The Board fined Ms. Bradley in the amount of $750 pursuant to City Ordinance Section 46-5(b)(4) for failure to comply with the following directives: remove the bamboo cover from the metal fence; install adequate lighting; and install security cameras with uninterrupted remote live-feed access to MPD of the South side (NW 2nd Avenue) of the Property. Id.

7. On March 2, 2017, after a hearing held on February 22, 2017, the Board issued a further order declaring Bradley's Market a continuing nuisance. See D.E. 1-9. The Board fined Ms. Bradley in the amount of $500 for failure to comply with the directive to provide MPD with uninterrupted remote live-feed access of the South side (NW 2nd Avenue) of the Property from the security cameras she had installed.[1]

8. On April 1, 2017, after a hearing held on March 22, 2017, the Board fined Ms. Bradley in the amount of $2,000 for failure to: meet with representatives of MPD; take steps to provide the necessary adequate lighting; provide the uninterrupted remote live-feed access to MPD from the installed security cameras as outlined in the previous Orders; and failing to avoid having customers/patrons loiter and/or prowl at "Bradleys." See D.E. 1-10.

9. In May 4, 2017, the Board fined Ms. Bradley in the amount of $1,000 for failure to provide the uninterrupted remote live-feed access to MPD from the installed security cameras as outlined in the previous Orders; and for removing the "No Tresspassing" and "Drug Free" signage from the Property. See Pl's Ex. 1.[2] The Board set a further status hearing for May 24, 2016. Id.

## CONCLUSIONS OF LAW

As previously noted, Plaintiff predicates her Motion for Injunctive Relief on her claims that the Board's actions violate her fourth amendment right of privacy and the fifth amendment takings clause. As discussed below, Plaintiff is not entitled to injunctive relief as to either

---

[1] At the May 8th hearing, the undersigned was informed that a requirement for a security camera in the rear of the Property is no longer in place.
[2] At the May 8th hearing, the undersigned was informed that Ms. Bradley had revoked the "No Trespassing" affidavit she had previously executed empowering MPD to remove persons from Bradley's Market without warning. Additionally, MPD Commander Davis stated that MPD was no longer seeking to have Ms. Bradley avoid having customers/patrons loiter and/or prowl at "Bradleys."

5

claim.[3]

### A. Fourth amendment claim

Plaintiff contends that the Board's requirement that she install security cameras violates her fourth amendment right to be free from unwarranted government searches and violates her expectation of privacy at Bradley's Market. However, the Board did not require Ms. Bradley to monitor the interior of Bradley's Market. The requirement was for an uninterrupted remote-live feed access of the South side (NW 2nd Avenue) of the Property; i.e., the sidewalk abutting Bradley's Market. Ms. Bradley has no legitimate expectation of privacy in this area since she cannot exclude the public from it. United States v. Hall, 47 F.3d 1091, 1096 (11th Cir. 1995). ("[T]he owner of commercial property has a reasonable expectation of privacy in those areas immediately surrounding the property only if affirmative steps have been taken to exclude the public.").

Moreover, to the extent that a requirement to install a security camera in the rear of the Property was ever imposed, it is no longer in place. Because there is no threat of future harm arising from such transitory requirement, Ms. Bradley cannot establish the required element of irreparable harm. Doe v. LaDue 514 F. Supp. 2d 1131, 1135-36 (D. Minn. 2007) (finding that injunctive relief was appropriate based on a past fourth amendment violation and threat of future harm).

Therefore, Plaintiff has not shown a substantial likelihood of prevailing on the merits or irreparable harm as to her fourth amendment claim.

### B. Fifth amendment claim

Plaintiff first argues that the Board's requirement that she purchase and install security

---

[3] At the May 8th hearing, the undersigned heard argument regarding the City's contention that the Court lacks jurisdiction to address Plaintiff's claims based on abstention doctrines. Having considered the City's other arguments, the undersigned finds it unnecessary to reach the abstention issue.

6

cameras and provide MPD with an uninterrupted remote-live feed violates the takings clause of the fifth amendment.[4] However, for her takings claim to be ripe, Plaintiff must demonstrate that she unsuccessfully pursued the available state procedures to obtain just compensation before bringing her federal claim. Eide v. Sarasota Cty., 908 F.2d 716, 720-21 (11th Cir. 1990). In Florida, an inverse condemnation remedy is available for alleged takings violations. Busse v. Lee Cty., 317 F. App'x 968, 972 (11th Cir. 2009). Plaintiff contends that the ripeness requirement does not apply to her takings claim because she could only succeed in an inverse condemnation proceeding if the Board's requirement that she install the security cameras will deny her of all reasonable use of her property, which she does not claim. See Plaintiff's Reply [D.E. 12 at 3-4]. Ironically, Plaintiff's attempt to minimize her takings claim to avoid the ripeness requirement dooms the claim. Because the Board's camera requirement as a nuisance abatement is a valid exercise of the City's police power, "it is not a taking if a reasonable use of the property remains." Glisson v. Alachua Cty., 558 So. 2d 1030, 1035 (Fla. 1st DCA 1990) (citations omitted).

Plaintiff further argues that MPD's arrest of Bradley's Market's customers is also a taking of her property without just compensation. However, Ms. Bradley agreed that MPD could conduct such arrests when she signed the "No Tresspassing" affidavit. Moreover, after Ms. Bradley revoked the "No Trespassing" affidavit, MPD is no longer seeking to have Ms. Bradley avoid having customers/patrons loiter and/or prowl at Bradley's Market. In any event, to avoid the ripeness requirement, Plaintiff affirms that MPD's conduct towards her customers "will [not] deny her all reasonable use of the property since she can still serve other customers." See Plaintiff's Reply [D.E. 12 at 4]. This concession similarly dooms this prong of Plaintiff's claim.

---

[4] The fifth amendment states that "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V.

Because Plaintiff's takings claim is either not ripe or not a taking as an exercise of the City's police power, she has not shown a substantial likelihood of prevailing on the merits as to her fifth amendment claim.

## **RECOMMENDATION**

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Plaintiff's Motion for Injunctive Relief be DENIED.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Darrin P. Gayles. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida this 30th day of May, 2017.

                                              ALICIA M. OTAZO-REYES
                                              UNITED STATES MAGISTRATE JUDGE

cc:     United States District Judge Darrin P. Gayles
        Counsel of Record